**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1051**

SEAN MILLER,

        Plaintiff - Appellant,

    v.

PRINCE GEORGE'S COUNTY GOVERNMENT,

        Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge.  (8:17-cv-01521-PJM)

Submitted:  August 30, 2019　　　　　　　　　　Decided:  October 2, 2019

Before RICHARDSON and RUSHING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Nathaniel D. Johnson, LAW OFFICE OF NATHANIEL D. JOHNSON, Waldorf, Maryland, for Appellant.  Rhonda L. Weaver, County Attorney, Andrew Murray, Deputy County Attorney, Tonia Y. Belton-Gofreed, Associate County Attorney, PRINCE GEORGE'S COUNTY OFFICE OF LAW, Largo, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sean Miller appeals the district court's order denying his motion to strike and granting Appellee's motion for summary judgment on Miller's claims for racial discrimination and retaliation under Title VI of the Civil Rights of 1964 ("Title VI"), 42 U.S.C. §§ 2000d to 2000d-7 (2012), and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2012 & Supp. 2019). We affirm.

We review the district court's discovery and evidentiary rulings for abuse of discretion, and such rulings are subject to harmless error review. *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 189 (4th Cir. 2017); *see* Fed. R. Civ. P. 61. Moreover, "[w]e review a district court's decision to grant summary judgment de novo, applying the same legal standards as the district court, and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted).

Title VI forbids discrimination on the ground of race, color, or national origin "under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Title VI authorizes a private cause of action only for intentional discrimination based on

2

race, color, or national origin. *See Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 70 (1992)).

> Title VII forbids (i) employment practices that discriminate against an employee on the basis of race, color, religion, sex, or national origin and (ii) retaliation against an employee for opposing adverse actions that she reasonably suspects to be unlawful under Title VII. We refer to the former as the anti-discrimination provision and the latter as the anti-retaliation provision.

*Strothers v. City of Laurel*, 895 F.3d 317, 326-27 (4th Cir. 2018) (citations omitted).

A plaintiff asserting claims for discriminatory treatment and retaliation "may avoid summary judgment by proceeding under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 [] (1973)." *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223 (4th Cir. 2019). "[T]he elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). "A prima facie case of retaliation requires proof that: (1) the plaintiff engaged in protected activity, (2) [he] suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse action." *Ray v. Int'l Paper Co.*, 909 F.3d 661, 669 (4th Cir. 2018). If the plaintiff establishes a prima facie case of discrimination or retaliation, then the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory justification for its action. *Haynes*, 922 F.3d at 223. If the employer satisfies this burden, then the plaintiff must prove by a preponderance of

the evidence that the employer's purportedly neutral reasons were a pretext for discrimination or retaliation. *Id.* Moreover,

> [t]o establish a prima facie case of discriminatory denial of training, a plaintiff must show that: (1) the plaintiff is a member of a protected class; (2) the defendant provided training to its employees; (3) the plaintiff was eligible for the training; and (4) the plaintiff was not provided training under circumstances giving rise to an inference of discrimination

*Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649-50 (4th Cir. 2002).

The district court concluded that Miller did not establish a prima facie case of discrimination or retaliation. We agree. Therefore, the district court properly denied relief on those claims. In addition, we conclude that the district court did not abuse its discretion in denying Miller's motion to strike.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*